UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julian E. Rochester, # 171519, ) <br> *aka Julian Edward Rochester*, ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> David Michael McCall Jr., Warden of Perry Correctional ) <br> Institution; ) <br> State of South Carolina; ) <br> Jon Ozmint, Director of South Carolina Department of ) <br> Corrections, ) <br> ) <br> ) <br> Respondents. ) | C/A No. 8:11-cv-00398 -HMH <br><br> **ORDER** <br> [Pre-Filing Review] |

### *Background of this Case*

Petitioner is an inmate at the Gilliam Psychiatric Hospital, which is located on the grounds of the Kirkland Institution of the South Carolina Department of Corrections (SCDC). Petitioner is under an Order of Pre-Filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977). *See also* Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

Petitioner has submitted a mandamus-type pleading. Petitioner seeks a writ of mandamus directing the respondents to release him from prison because, according to Petitioner, his sentences have expired.

1

Petitioner, on October 18, 1990, in the Court of General Sessions for Oconee County, was convicted, pursuant to a jury's verdicts, of first-degree criminal sexual conduct with a minor, second-degree criminal sexual conduct with a minor, and assault and battery of a high and aggravated nature. He received an "active" sentence of fifty (50) years. The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that Petitioner will be eligible for parole on December 10, 2010, but his projected release date is September 30, 2022.

In *Julian Edward Rochester v. SCDC and Attorney General Charles Condon*, Civil Action No. 2:98-0146-21AJ, Petitioner on January 22, 1998, brought a habeas corpus action concerning his 1990 convictions. The Honorable Robert S. Carr, United States Magistrate Judge, on January 23, 1998, authorized service of the § 2254 petition and directed the respondents to file a return. The respondents filed a return and a motion for summary judgment. On March 10, 1998, Magistrate Judge Carr apprised Petitioner of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Petitioner on March 16, 1998, and on March 20, 1998, responded to the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 2:98-0146-21AJ on March 23, 1998, Magistrate Judge Carr recommended that the respondents' motion for summary judgment be granted. The parties in Civil Action No. 2:98-0146-21AJ were apprised of their right to file timely written objections and of the serious consequences of a failure to do so. Petitioner filed objections and two (2) amended objections to the Report and Recommendation. On April 10, 1998, the Honorable William B. Traxler, Jr., (then) United States District Judge, granted the respondents' motion for summary judgment. The Clerk of Court entered the judgment in Civil Action No. 2:98-0146-21AJ on April 13, 1998.

Petitioner's appeal in Civil Action No. 2:98-0146-21AJ (Fourth Circuit Docket No. 98-6613) was not successful. On September 17, 1998, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal, and the Supreme Court of the United States later denied discretionary appellate review. *Rochester v. South Carolina Department of Corrections*, No. 98-6613, 161 F.3d 3 [Table], 1998 WL 647150 (4th Cir. Sept. 17, 1998), *cert. denied*, 525 U.S. 1080 (1999).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d

868 (2009). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since Petitioner is, in part, seeking mandamus-type relief actually directed at state officials, this case is subject to summary dismissal. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969).

A federal district court may issue a writ of mandamus only against an employee or official **of the United States**. *See*, *e.g.*, *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986); and *Ocean Breeze Park, Inc. v. Reich*, 853 F. Supp. 906, 915 (E.D. Va. 1994), *affirmed*, *Virginia Beach Policeman's Benevolent Association v. Reich*, 96 F.3d 1440 [Table], 1996 WL 511426 (4th Cir. June 5, 1996). Hence, Petitioner cannot obtain mandamus relief in this court against County Clerks of Court or the Chief Justice of the Supreme Court of South Carolina.

In *Gurley*, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (in North Carolina) to prepare a free transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of

mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d at 587.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988). In *Davis v. Lansing*, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985). In *Craigo*, the district court concluded that the petition for writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh* and *Todd v. Baskerville* and, therefore, was subject to summary dismissal. *Craigo v. Hey*, 624 F. Supp. at 414. *Accord Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); and *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1 (N.D. Ill. 1990). Hence, this federal district court cannot issue a writ of mandamus to direct the respondents to release Petitioner.

The above-captioned case is also subject to dismissal under the so-called "three strikes" rule in the Prison Litigation Reform Act. It can be judicially noticed that Petitioner has filed more than three prior frivolous cases in this court. *See, e.g.,* 28 U.S.C. § 1915(g); and *cf. Green v. Nottingham*, 90 F.3d 415, 417-20 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively). The cases in which "strikes" have been entered against Petitioner are displayed in the table below:

| Case Name | Civ. Act. No. | Date Strike Entered | Docket Entry of Order |
|---|---|---|---|
| Rochester v. E. Delane Rosemond, *et al.* | 2:09-1809-HMH-RSC | July 9, 2009 | ECF Entry No. 6 |
| Rochester v. State of South Carolina; 1000 Defendants; George W. Bush; *et al.* | 2:08-3269-HMH-RSC | September 26, 2008 | ECF Entry No. 5 |
| Rochester v. South Carolina Department of Corrections, *et al.* | 2:06-3085-HMH-RSC | November 1, 2006 | ECF Entry No. 3 |
| Rochester v. J. Strom Thurmond, Jr., *et al.* | 2:03-3373-HMH-RSC | October 31, 2003 | ECF Entry No. 2 |
| Rochester v. State of South Carolina, *et al.* | 2:03-2057-HMH-RSC | August 12, 2003 | ECF Entry No. 8 |
| Rochester v. United States District Court for Northern District of Georgia | 2:02-3802-HMH-RSC | November 19, 2002 | ECF Entry No. 2 |

This court may take judicial notice of the aforementioned civil actions. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling

6

Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

It must also be noted that the "three-strikes" rule is a Congressional enactment that applies nationwide, and was not a judicially-created rule. The Congress, however, has determined that prisoners, such as Petitioner, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) (*paraphrasing* Job 1:21 (Authorized Version of 1611 ["King James" version]): "When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away."). Even so, this case is not the first instance where new laws have affected plaintiffs or petitioners. *See also* statutes changing altering statutes of limitations, such as those at issue in the case entitled *In Re TMI* [Three-Mile Island Litigation], 89 F.3d 1106 (3rd Cir. 1996) (upholding amendments to Price-Anderson Act retroactively applying two year limitations period to plaintiffs who filed suit under then-applicable six-year statute of limitations). *Cf. Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283 (9th Cir. 1997) ("Congress giveth and it taketh away."); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993) ("As Congress giveth, Congress taketh away."); and *Mirabal v. GMAC*, 537 F.2d 871 (7th Cir. 1976).* Petitioner, however, is clearly subject to the

---

*Unrelated portions of the holding in *Mirabal v. GMAC* — whether interest rate increases constituted new transactions and how many recoveries were allowed for separate violations of the Truth in Lending Act — were superannuated by statutory changes made to the Truth in Lending Act in 1980. *See* the Truth in Lending Simplification and Reform Act of 1980, 94 U.S.Stat. 168 (1980), which is cited in *Brown v. Marquette Savings and Loan Assn.*, 686 F.2d 608 (7th Cir. 1982) (*overruling*, in part, *Mirabal v. GMAC*).

Prison Litigation Reform Act (PLRA) because the pleading was filed more than fourteen years after the enactment of the PLRA on April 26, 1996.

The Congress has determined that prisoners subject to the "three strikes" rule have no remedy for actions that do not place them under the imminent danger of serious physical injury. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir.1998) (to avoid bar under imminent danger exception to "three-strikes" provision, a prisoner must be in imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the complaint). *See also Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (district court may dismiss case *sua sponte* under "three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426 (E.D. Mich. 1997).

Petitioner is not entitled to a prison transfer to another SCDC institution, to an out-of state prison, or to a federal prison. *Kuehner v. Pennsylvania*, Civil Action No. 09-749, 2010 U.S. Dist. LEXIS 53513, 2010 WL 2245568,*6 (W.D. Pa. May 7, 2010) ("Similarly, the United States Supreme Court has made it clear that the due process clause provides constitutional safeguards prior to conviction, but, upon a valid conviction, it does not provide a federal liberty interest guaranteeing housing in a particular penal institution or providing protection against transfer from one institution to another within the state prison system."). Since Petitioner is not entitled to a intra-state prison transfer, he also is not entitled to an out-of-state transfer. *See Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1199 (D. Kan. 2008) ("The court understands that plaintiff did not want to enter protective custody because of an event and conditions he had heard about there, but 'prison officials are not required to guarantee a prisoner's safety under terms and conditions dictated by the prisoner. A prisoner is entitled to adequate protection from harm, but is not entitled to direct prison officials on the means to accomplish it.'"), where the prisoner sought, *inter alia*, an out-of-state prison transfer;

8

and *Isgrigg v. CDC*, No. C 06-07618 JW (PR), 2008 WL 754892, *2 (N.D. Cal. March 20, 2008) ("A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him, or not transfer him in the case of plaintiff, to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution").

Petitioner cannot obtain a criminal investigation or criminal charges against Respondents. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Moreover, this court cannot suspend or remove Respondents from their jobs. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

Insofar as Petitioner is seeking federal habeas corpus relief with respect to the alleged expiration of his sentences, he must first exhaust his state court remedies. *Timms v. Johns*, 627 F.3d

9

525 (4th Cir. 2010) (Section 2241 case).  Moreover, with respect to any Section 2254 claims, Petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition.  *See* Rule 9 of the Rules Governing Section 2254 Cases.

## *Conclusion*

The Clerk of Court shall assign a civil action number to the above-captioned matter *for docket control purposes*.  The Clerk of Court may docket the pleadings as of the date this signed Order is received for docketing.  The Clerk of Court shall enter as parties as they appear in the caption of this Order.  Petitioner's motion to proceed *in forma pauperis* is **denied.**  Petitioner's motion for an Order of Removal, Protection, and Arrest is **denied.**

**The above-captioned case is, hereby, dismissed** *without prejudice* **and without issuance and service of process.**  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The Clerk of Court shall "close" the file.

The undersigned has taken Senior status.  Also, the Honorable Robert S. Carr, United States Magistrate Judge, retired on February 4, 2011.  Although Petitioner is still subject to Judge Traxler's Order of Pre-Filing Review, future pleadings from Petitioner should be assigned to a different United States District Judge and a different United States Magistrate Judge.

IT IS SO ORDERED.

February 22, 2011                              s/Henry M. Herlong, Jr.
Greenville, South Carolina                     Senior United States District Judge